**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CESAR CASTOR, an individual on
behalf of himself and all others
similarly situated,

    Plaintiff,

v.                                        Case No. 3:13-cv-1613-J-32MCR

FRANKLIN COLLECTION SERVICE,
INC.,

    Defendant.

## O R D E R

This case is before the Court on the parties' Joint Stipulation of Dismissal with Prejudice (Doc. 29). The Court is not sure what to make of it.

The stipulation repeatedly refers to Plaintiff Cesar Castor as "the Relator"[1] and cites provisions of the False Claims Act, 18 U.S.C. §§ 3729-33. For instance, the stipulation purports to dismiss this action with prejudice, but to not dismiss "the Relator's" claim for attorney's fees, expenses, and costs under the False Claims Act. But this case has only ever included a claim for an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (see Docs. 1, 5, 20). Much like plaintiff's recently-denied motion to certify a class (Doc. 26), the stipulation appears to fit with some case other than this one.

---

[1] The earlier notice of settlement also referred to "the Relator" (Doc. 27), which the Court took to be a typo.

If the Court were more certain what the parties intend by the stipulation, it might enter an order of dismissal so the parties could address attorney's fees and costs as provided by law. As it is, the Court determines the more prudent plan is to deny the stipulation to dismiss and have the parties try again.

Accordingly, it is hereby **ORDERED**

1. The Joint Stipulation of Dismissal with Prejudice (Doc. 29) is **DENIED**.

2. The parties shall file any revised joint stipulation or other appropriate documents to close out the file on or before **November 24, 2014**.

3. If the parties have not filed settlement pleadings or a request for extension of time by the **November 24, 2014** deadline, this case will automatically be deemed to be dismissed without prejudice. **The parties are again cautioned that in some cases, the Court may not have jurisdiction to enforce settlement agreements once the case has been dismissed without prejudice; thus, if the parties have not finalized their settlement by the deadline, they are encouraged to move for an extension of that deadline**

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record